IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,589-01




EX PARTE JAIME ANTHONY GARZA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. S-12-3158-CR IN THE 36TH DISTRICT COURT
FROM SAN PATRICIO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to eight years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that trial counsel rendered ineffective assistance of counsel for giving bad
advice regarding time credits. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.
Crim. App. 1999). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.                
            The trial court shall make findings of facts and conclusions of law as to whether trial counsel
advised Applicant that the time Applicant spent in the Substance Abuse Felony Punishment (SAPF)
program and at the halfway house would be credited to Applicant’s sentence. The trial court shall
make findings of facts and conclusions of law as to whether counsel thoroughly explained the plea
agreement and whether Applicant understood the plea agreement. The trial court shall also make
findings of fact and conclusions of law as to whether the performance of Applicant’s trial counsel
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: January 15, 2014
Do not publish